IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>FONTA M. JONES<br><br>        Defendant. | 8:08CR411<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's objection, Filing No. 24, to the report and recommendation of the magistrate judge, Filing No. 21. Defendant filed a motion to suppress, Filing No. 12, and the magistrate judge granted the motion. The government charged the defendant in Count I of an indictment with possession of a firearm while being a felon in violation of 18 U.S.C. § 922(g)(1) and in Count II with forfeiture of said firearm in violation of 18 U.S.C. § 924(d). Filing No. 1.

Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the report and recommendation to which the plaintiff objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the objections, relevant law, and the entire record including the transcript of the motion to suppress hearing, Filing No. 22. After reviewing the record and the relevant caselaw, the court determines it will adopt the report and recommendation of the magistrate judge in its entirety.

The court adopts the factual and legal findings of the magistrate judge, Filing No. 22 at 54-59, and will only briefly summarize the facts for purposes of this memorandum and order. On September 9, 2008, at 4:41 p.m., Officers Paul Hasiak and Torrey Gully of

the Omaha Police Department spotted defendant walking near 32nd and Lake Streets. Defendant was wearing a black hoodie and walking in a manner such that it appeared he was holding something in this pocket or close to his body. The officers testified the defendant watched the patrol car as he walked down the street. Evidence indicates that on that time the temperature was 68 degrees Fahrenheit, but had been as cool as 50 degrees Fahrenheit earlier that morning. Filing No. 22 at 57.

Due to training that Officer Hasiak had previously received, he believed defendant exhibited behavior typical of someone trying to conceal a handgun. At the hearing, Officer Hasiak testified that he has stopped and searched ten other individuals exhibiting this same behavior, and all ten were found to be carrying weapons. The government also presented evidence to show that this area, the "northeast precinct," is known as a high-crime area in Omaha.

As the officers' car turned the corner around 33rd Street, they lost sight of the defendant. When they regained sight of the defendant, he had crossed Lake Street but had not changed the position of his right hand near the hoodie pocket. The officers stopped their patrol car and the defendant stopped walking. They told him to remove his hands from the pocket of his hoodie, and the officers proceeded to conduct a pat-down search of the defendant's outer clothing. The officers located a loaded 9-millimeter pistol in the hoodie pocket and a loaded magazine in the right rear pocket.

After arresting the defendant, Officer Hasiak placed him in the patrol car for transportation purposes. While in the police car, Mr. Jones made a statement that he was happy the officers had stopped him because he was about to do something for which he would never get out of jail.

The magistrate judge determined that the officers did not have reasonable articulable suspicion to stop and search the defendant, *see* Terry v. Ohio, 392 U.S. 1, 30 (1968), and the magistrate judge suppressed all of the evidence and statements made as a result of the unlawful search.

### *Discussion*

The government objects to the magistrate judge's report and recommendation and his conclusion that the officers did not have reasonable articulable suspicion to stop and search the defendant.

*A.  Reasonable Articulable Suspicion*

The government contends that the court should not suppress the evidence as the officers had reasonable suspicion that defendant was involved in criminal activity, specifically, that he was carrying a gun.  Consistent with the Fourth Amendment, an officer may conduct a brief, investigatory stop only when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *Terry*, 392 U.S. at 30.  When determining whether a police officer had reasonable suspicion of criminal activity, the facts must be viewed in the totality of the circumstances. United States v. Gray, 213 F.3d 998, 1000 (8th Cir. 2000).  "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27.

The magistrate judge concluded that "given the circumstances known to Officer Hasiak in this case, [he] would not be warranted in the belief that his safety or the safety of others was in danger." Filing No. 22 at 63.  This court concurs in the magistrate judge's statement.  The observation that an individual is walking down a street in a high-crime area

3

while holding his arm inside his hoodie pocket does not give rise to a reasonable inference that the safety of the officers or others is in danger. As such, the officers were not justified in stopping and searching the defendant without any other evidence or indication that criminal activity was afoot.

This court also adopts the magistrate judge's recommendation that all statements and evidence seized as result of the stop and search, and subsequent arrest, be suppressed. Once a court has determined that the police unlawfully stopped and searched a defendant in violation of the Fourth Amendment, it is proper for the court to exclude the resulting evidence in the criminal proceedings before the court. *See Terry*, 392 U.S. at 29 ("The entire deterrent purpose of the rule excluding evidence seized in violation of the Fourth Amendment rests on the assumption that limitations upon the fruit to be gathered tend to limit the quest itself.") (internal quotations omitted).

THEREFORE, IT IS ORDERED that:

1. Defendant's motion to suppress, Filing No. 12, is granted in full;

2. Plaintiff's objections, Filing No. 24, to the report and recommendation of the magistrate judge are overruled; and

3. The report and recommendation of the magistrate judge, Filing No. 21, is adopted in its entirety.

DATED this 19th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge